U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

SEP - 6 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MEMORIAL PLAZA, ET AL** | : | **DOCKET NO. 2:06 CV 1772** |
| **V.** | : | **JUDGE MINALDI** |
| **SHELTER INSURANCE COMPANY, ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

### REPORT AND RECOMMENDATION

Presently before the court is Plaintiffs' motion to remand (Doc. 16), and two Motions to Dismiss Motion to Remand (Doc. 18 & 19).[1] They have been referred to the undersigned magistrate judge for a report and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

Plaintiffs are seeking to recover insurance benefits related to damages to their property which damages were caused by Hurricane Rita. The defendants are the plaintiffs' commercial property insurance carrier, Shelter Insurance Company ("Shelter"), and their agent/broker, Martin Byrley and/or Martin Byrley Insurance. ("Byrley") The suit was initially filed in the 14th Judicial District Court for Calcasieu Parish, Louisiana. Shelter removed the case to this court pursuant to 28 U.S.C. § 1441 contending that this court has original diversity jurisdiction in accordance with 28 U.S.C. § 1332. (Doc. 6). Plaintiffs have filed the motion to remand that is now before the court pointing out that both Plaintiffs and Byrley are citizens of Louisiana so that the complete

---

[1] This court issued an order notifying the parties that if, and only if, the court finds that Byrley was improperly joined that a sua sponte summary judgment would be entered in his favor. See 8/23/07 Minute Entry.

1

diversity required for original jurisdiction is lacking. Defendants contend that Byrley's citizenship should be disregarded because, they claim, he has been fraudulently/improperly joined.[2]

Defendants first assert that the motion to remand should be dismissed because it is untimely. This contention has no merit. Contrary to the representations of Defendants Plaintiffs' motion to remand is, in fact, based on their contention that this court lacks subject matter jurisdiction. Removal was based on this court having original diversity jurisdiction pursuant to 28 U.S.C. § 1332. The notice of removal conceded that both Byrley and Plaintiffs were citizens of Louisiana so that it appeared, on the face of the pleadings, that complete diversity was lacking. However, Defendants take the position that the citizenship of Byrley can be disregarded in assessing whether this court has diversity jurisdiction because, they claim, Byrley was fraudulently/improperly joined. Plaintiffs' motion to remand takes the position that its claims against Byrley were not fraudulently/improperly joined so that complete diversity, and hence original subject matter jurisdiction, are lacking. The lack of subject matter jurisdiction can be raised at any time. *See Wisconsin Dept. of Corrections v. Schacht*, 118 S.Ct. 2047, 2054 (1998); 28 U.S.C. § 1447(c); The motion to remand is timely.

## Improper Joinder

Once a case has been removed, the burden lies with the removing party to prove that the court has jurisdiction to decide the claim. *Jernigan v. Ashland Oil Inc.* 989 F.2d 812, 815 (5th

---

[2] Traditionally the term "fraudulent joinder" has been used. The Fifth Circuit now also refers to "fraudulent joinder" as "improper joinder." See *Smallwood, infra* at 571 n.1. Obviously, this leads to some confusion. In this report and recommendation "fraudulent/improper joinder is used to refer to the traditional "fraudulent joinder."

Cir. 1993)(citing, *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992)). One prerequisite to removal is that this court must have original jurisdiction. 28 U.S.C. § 1441(a). If removal is based on the claim that non-diverse parties have been improperly joined, then the removing party must establish either: "actual fraud in the pleading of jurisdictional facts," or "an inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004)(*en banc*), *cert. denied by*, *Illinois Cent. R. Co. v. Smallwood*, ___ U.S. ___, 125 S.Ct. 1825 (4/18/2005)(citing, *Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003)). In the case *sub judice*, there are no allegations of actual fraud. Accordingly, our focus is the second basis for improper joinder. *See, Travis, supra.*

The focus of the court's inquiry is on the joinder of the forum state citizen, not on the merits of Plaintiff's case. *Smallwood, supra* at 573. In resolving this issue, we must determine whether the removing defendant has demonstrated that plaintiff has "no possibility of recovery" against the in-state/non-diverse defendant; *i.e.* that there is "no reasonable basis" for the district court to predict that the plaintiff might recover against the in-state/non-diverse defendant. *Smallwood, supra.*

The court may resolve this issue in one of two ways: 1) the court can look at the allegations of the complaint to determine whether the complaint states a claim against the in-state/non-diverse defendant under state law (*i.e.* a Fed.R.Civ.P. 12(b)(6) analysis); or 2) in the few cases where the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder, the court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood, supra.* Ordinarily, if Plaintiff survives the 12(b)(6) analysis there is no improper joinder. *Id.* The "summary inquiry is appropriate only to identify

3

the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id* at 573-74.[3] The motive or purpose for the joinder of the in-state defendant is irrelevant to this inquiry. *Id.* at 574. The court must consider "all unchallenged factual allegations" in the light most favorable to the plaintiff. *Travis, supra.* Any contested issues of fact and ambiguities of state law must be resolved in favor of remand. *Id.* If the removing defendant fails to establish improper joinder, then diversity is not complete (and/or removal is improper), and remand is required. *Id.*

In this case Plaintiffs' take issue with Shelter's position that repair or replacement of the damaged property is a prerequisite to obtaining full replacement cost. Plaintiffs allege that Byrley is liable due to:

a. Failing to procure the desired coverage;
b. Failing to notify Petitioner that he failed to obtain the requested insurance coverage; . . . .

Plaintiffs' petition ¶ 17.

Defendants contend that there is no possibility of recovery against Byrley because: (1) Byrley did obtain a policy providing replacement cost coverage; and (2) Plaintiffs claims against Byrley are barred by La.R.S. 9:5606.

The pleadings and affidavits indicate that there is a factual dispute over whether Byrley failed to provide the "desired" replacement cost coverage. For present purposes this dispute must be resolved in favor of Plaintiffs. Thus, the fact that the policy provides a form of replacement coverage does not preclude the possibility of recovery against Byrley based on his failure to obtain the "desired" coverage and/or his failure to notify Plaintiffs of his inability to obtain such

---

[3] In other words, facts that can be easily disproved if not true. *Id.*

4

coverage.

La.R.S. 9:5606 provides, in pertinent part:

> A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee . . . shall be brought unless filed . . . within one year from the date of the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
> . . . .
>
> D. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

Martin Byrley's affidavit indicates that the commercial property insurance policy at issue here was issued in 1994. At each policy renewal the policy continued to provide for "replacement cost" coverage. Byrley Affidavit. Plaintiffs' petition mentions no specific time, place or persons involved in any discussions about the coverage desired. As to the claim against Byrley the petition fails to satisfy the requirements of F.R.C.P. 8. *See Bell Atlantic Corporation v. Twombly*, 127 S.Ct. 1955, 1969 n.10 (2007). However, Dr. John Moffett's affidavit indicates that at "the time the Policy was purchased, he and his partners requested 'Replacement Cost' Coverage and were told by their Agent, Martin Bryerly, that they were buying Replacement Cost Coverage." Moffett Affidavit. There is no indication that Plaintiffs further discussed their coverage with Byrley after it was initially issued in 1994.

Assuming that Byrley breached a duty owed to Plaintiffs as alleged, the issue here is whether that duty was breached within three years before suit was filed. Louisiana courts have consistently rejected the argument that mere policy renewals constitute a continuing tort or a

5

separate tort in actions against insurance agents for breach of duties owed to their clients. However, the agent may commit a separate tort subsequent to the original issuance of the policy where the agent discusses coverage with the client subsequent to issuance.

For example, in *Biggers v. Allstate Ins. Co.*, 886 So.2d 1179 (La.App. 5 Cir. 2004) the plaintiffs purchased homeowners insurance in 1995. They asked for supplemental coverage for jewelry and silverware. In 2002 plaintiffs' home was burglarized and the jewelry and silverware were stolen. Shortly thereafter plaintiffs discovered that their agent had not, as requested, obtained supplemental coverage for the jewelry and silverware. They sued their agent. When the agent raised R.S. 9:5606 as a defense plaintiffs argued that each time the policy was renewed there was either a continuing tort or a new tort. The court rejected plaintiffs' argument noting that after the issuance of the original policy, there was no occasion for the agent to misrepresent the coverage. Id. at 1183.

In *Bel v. State Farm Mut. Auto. Ins. Co.*, 845 So.2d 377 (La.App.1 Cir. 2003), *writ denied*, 845 So.2d 1057 (2003), plaintiffs sued their agent claiming that he was negligent in advising them that they did not need UM coverage under a personal umbrella policy. Based on the agent's recommendation a rejection of UM coverage under the umbrella policy was last signed in 1994 Suit against the agent was filed in 1998. In an attempt to avoid the effects of R.S. 9:5606 plaintiffs argued that each time the policy was renewed there was either a new and distinct tort or a continuing tort. The court rejected plaintiffs arguments. It held that the continuing tort doctrine was a "suspensive principle" and as such did not prevent the running of the peremptive periods set out in R.S. 9:5606. The court also found that the mere renewal of the policy was simply a continuation of the effects of the original wrongful act and not a separate and

distinct tort. The court specifically noted that the insured did not discuss her coverage with the agent subsequent to signing the UM rejection in 1994. *Cf. Sonnier v. Louisiana Farm Bureau Mutual Ins. Co.*, 924 So.2d 419, 422 (La.Ct.App.2006) (a renewal may constitute a separate act if an insured requests specific coverage at the time of renewal).

On the other hand in *Southern Athletic Club, LLC v. Hanover Insurance Company*, 2006 WL 2583406 (E.D.La.) the suit was filed more than three years after the original issuance of the policy yet the court concluded that there was still a possibility of recovery. The dispute with the insurer centered on whether the plaintiff's property was underinsured. As here both the insurer and the non-diverse agent were made defendants. The insurer removed the case to federal court taking the position that the agent had been fraudulently/improperly joined because any recovery against him was barred by the three year peremptive period established by La.R.S. 9:5606. However each year, prior to renewal, the insured had discussed the increased value of the insured's property and the limits had been increased. The court rejected the claim that the agent had been fraudulently/improperly joined concluding that there was still a reasonable possibility of recovery in that the renewals might constitute separate and independent acts of fault on the part of the agent.

The circumstances were similar in *Fidelity Homestead Association v. Hanover Insurance Company*, 2006 WL 2873562 (E.D.La.). The insured met with the agent before each renewal in order to discuss whether any changes were needed in coverage. The court rejected the argument that the claim against the agent was barred by peremption. It concluded that there was a reasonable possibility that the meeting prior to the last renewal constituted a separate and independent act of fault. In the present case the plaintiff makes no allegations that would

7

support a conclusion that there was a separate and independent act of fault on the part of Lyons at the time the commercial property insurance policy was renewed.

In the present case there is no allegation that the plaintiffs contacted Byrley in the three years before the loss to discuss their coverage or that there was any act of fault on the part of Byrley within that period. The petition does not specifically indicate when the alleged fault of Byrley occurred, but the Moffett affidavit indicates that the discussion of replacement cost coverage occurred in 1994 when the policy was originally issued. Plaintiffs have failed to state a claim against Byrley for fault occurring within three years of suit. Their claim against Byrley based on discussion that took place when the policy was originally issued is barred by LSA-R.S. 9:5606 precluding any reasonable possibility of recovery.

For the foregoing reasons, it is recommended that Plaintiffs' motion to remand be DENIED, and *sua sponte* summary judgment be granted in favor of Byrley dismissing all claims against him with prejudice. The motions to dismiss the motion to remand should also be denied.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 6th day of September, 2007.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE